# IN THE SUPREME COURT OF TEXAS

══════════
No. 10-0142
══════════

ANGELA MAE BRANNAN, INDIVIDUALLY AND AS
INDEPENDENT EXECUTRIX OF THE ESTATE OF
BOB ALBERT BRANNAN, DECEASED, ET AL., PETITIONERS,

v.

STATE OF TEXAS, ET AL., RESPONDENTS

══════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
══════════════════════════════════════════════

**PER CURIAM**

CHIEF JUSTICE JEFFERSON, JUSTICE LEHRMANN, AND JUSTICE BOYD did not participate in the decision.

Storms on Surfside Beach on the Gulf of Mexico have moved the vegetation line landward of petitioners' houses.[1] When the Village of Surfside Beach refused to allow the houses to be repaired or to have access to utilities, and the State asserted that the houses encroach on a public access easement and must be removed, petitioners sued, contending among other things that the

---

[1] Petitioners are Angela Mae Brannan, individually and as Independent Executrix of the Estate of Bob Albert Brannan, deceased, Brooks and Mary Porter, Russell and Judy Clinton, Russell Clinton as Independent Executor of the Estate of Elizabeth Clinton, deceased, Reg and Beaver Aplin, Partners d/b/a Benchmark Developing, Louise Bullard, Diane Loggins Clark, Joseph Cornell Dewitt, Lisa Marie Dewitt Fuka, Macario Ramirez, Chrissie Dickerson, Jeffrey Dyment, the Marvin Jacobson Family Holding Company, Cathy T. Charles, James and Patricia Meek, Mark Palmer, James C. and Patricia Pursley, Kenneth C. and Andrea Reutzel, S & S Holdings, LLC, and Rogers Thompson, Executor of the Estate of P.E. Kintz, deceased.

State's assertion amounts to a constitutionally compensable taking of their property. The court of appeals rejected petitioners' claims, 365 S.W.3d 1 (Tex. App.–Houston [1st Dist.] 2010), and petitioners sought review in this Court.

While their petition has been pending, we have issued our opinion in *Severance v. Patterson*, 370 S.W.3d 705, 725 (Tex. 2012), concluding that "avulsive events such as storms and hurricanes that drastically alter pre-existing littoral boundaries do not have the effect of allowing a public use easement to migrate onto previously unencumbered property". We now conclude that this case should be remanded to the court of appeals for further consideration in light of *Severance*.

Accordingly, we grant the petition for review and without hearing oral argument, vacate the judgment of the court of appeals and remand the case to that court for further proceedings. TEX. R. APP. P. 59.1, 60.2(f).

Opinion delivered: January 25, 2013